**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**EDMUND C. SCARBOROUGH;**
**INTERNATIONAL BONDING &**
**CONSTRUCTION SERVICES, INC.,**

        **Plaintiffs,**

**v.**                                        **Case No. 8:05-cv-1544-T-30TBM**

**NATIONAL ASSOCIATION OF**
**SURETY BOND PRODUCERS,**

        **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court *sua sponte*. Previously, this court entered a

Protective Order (Doc. 66) establishing the procedure for use and/or disclosure of confidential

information. Citing to this Order, the parties sought leave to file a number of documents

relating to Defendant's motion for summary judgment (Doc. S-1). *See* (Docs. 78, 82, 85).

The district judge granted each of these motions by endorsed order, *see* (Docs. 81, 83, 87), and

the parties filed the entirety of their summary judgment pleadings and supporting exhibits

under seal. *See* (Docs. S-1 through S-5).

The right of access to judicial records pursuant to common law is well established.

*See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978); *see also Brown v. Advantage*

*Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992); *Wilson v. Am. Motors Corp.*, 759 F.2d

1568, 1570 (11th Cir. 1985). This right extends to the inspecting and the copying of judicial

records. *See Nixon*, 435 U.S. at 597. The right to access, however, is not absolute. *See Globe*

*Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 598 (1982).  When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any competing interest.  *See Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983).  When parties request an order restricting access to pleadings and evidence filed with the court, such a request must be subject to heightened scrutiny.

In accordance with the policy of the Middle District of Florida, when a party seeks to file a document under seal, the court shall determine the matter upon motion by the party. *See, e.g., United States v. Baez-Alcaino*, 718 F. Supp. 1503, 1506-07 (M.D. Fla. 1989).  However, the motions must conform with Local Rule 1.09, which sets forth the procedures to be followed when a party seeks to file motion to seal.  *See* M.D. Fla. R. 1.09.  More specifically, Local Rule 1.09(a) requires a motion to seal to include the following:

> (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

*Id.*  This case has reached a stage in the proceedings where matters filed with the court should, in the usual course, be filed in the public record.  Henceforth in these proceedings, the parties are directed to comply with these pleading requirements for the sealing of any matters.  Mere reference to this court's prior protective order and a statement that portions of the document in

question are confidential is inadequate to establish a basis for sealing, particularly for

wholesale sealing of entire documents.[1]

        **Done and Ordered** at Tampa, Florida, this 7th day of April 2008.

                          THOMAS B. McCOUN III
                          UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

---

[1]Upon review of the summary judgment pleadings and associated exhibits, the court finds no merit to the request for a blanket sealing of these documents.  Accordingly, with the agreement of the district judge, the Clerk is directed to unseal these documents (Docs. S-1 through S-5) and file them in the public file of the court.