### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**EDMUND C. SCARBOROUGH, et al.,**

    **Plaintiffs,**

v.                                                                         Case No.  8:05-cv-1544-T-30TBM

**NATIONAL ASSOCIATION OF SURETY BOND PRODUCERS,**

    **Defendant.**

_____/

### ORDER

THIS CAUSE comes before the Court upon Defendant National Association of Surety Bond Producers' Motion to Strike Affidavit of Plaintiff Edmund C. Scarborough, Request for Attorney's Fees, and Incorporated Memorandum of Law (Dkt. 103), and Plaintiff's Memorandum of Law in opposition to the same (Dkt. 104).  The Court, having reviewed the motion, response, supporting memoranda, and being otherwise fully advised in the premises, determines the motion should be granted in part and denied in part.

During his deposition, Plaintiff Edmund Scarborough ("Scarborough") testified as follows regarding the damages claimed in this action:

    Q.    Just as a follow up on a line of questions I asked you before.  We've marked as Exhibit 22 a copy of the complaint in this lawsuit.  And I'll just ask you to look at paragraphs 32 and 33.  Read that to yourself.

    [Mr. Scarborough:]  Okay.

Q. Other than what is alleged in paragraphs 32 or 33, are there any other damages that you or IBCS is claiming in this lawsuit as a result of the publication of the Pipeline article?

[Mr. Scarborough:] Can we add mental anguish?

Q. Okay. What's the mental --

[Mr. Scarborough:] I'm kidding.

Q. Okay.

[Mr. Scarborough:] No, I don't.

Q. So mental anguish isn't part of this case?

[Mr. Scarborough:] Obviously not.

\* \* \*

Q. If you can look at paragraphs 41 and 42 for me, please. Have you had a chance to read those?

[Mr. Scarborough:] Yes.

Q. Okay. Other than what's alleged in there, are there any other damages that you or IBCS is claiming in this lawsuit?

[Mr. Scarborough:] No.

Q. And just so that we're clear, mental anguish or hurt feelings or something like that isn't part of this case as far as you're concerned?

A. No.[1]

Defendant cited to this discussion in its motion to summary judgment. Scarborough's response to the motion includes an affidavit in which he claims to have "suffered extreme

---

[1] *See* November 30, 2007 Deposition of Edmund C. Scarborough at 374-75.

emotional harm as a consequence of the publication of the article at issue" and that his being characterized as disreputable has "emotionally scarred him."  Affidavit of Edmund C. Scarborough (Dkt. 102-5).  Defendant claims the affidavit is a sham intended to specifically create an issue of material fact where none actually exists.

In the Eleventh Circuit, "[w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony."  *Van T. Junkins and Associates, Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 657 (11th Cir. 1984).  During his deposition, Scarborough clearly stated that mental anguish and/or hurt feelings were not a part of the damages sough in this action.  Though given the opportunity, he made no reference to the "extreme emotional harm" and scarring he now claims to have suffered.  Scarborough's affidavit merely contradicts, without explanation, his previously given clear testimony.  Accordingly, the Court concludes the affidavit should be stricken.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Strike Affidavit of Plaintiff Edmund C. Scarborough, Request for Attorney's Fees, and Incorporated Memorandum of Law (Dkt. 103) is **GRANTED in part and DENIED in part** as set forth herein.

2. The Affidavit of Edmund C. Scarborough (Dkt. 102-5) filed in support of Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment is hereby **STRICKEN.**

3. Defendant's motion is **DENIED** to the extent it seeks an award of attorneys' fees incurred in preparation of the motion.

**DONE** and **ORDERED** in Tampa, Florida on April 10, 2008.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-1544.mt strike.frm